THOENES, Appellant, vs. HAMBURG and wife, Respondents.

*October 11—November 7, 1928.*

208

For the appellant there was a brief by *McFarlane & Loomis,* and oral argument by *J. A. McFarlane,* all of Mauston.

*Frank H. Hanson* of Mauston, for the respondents.

The following opinion was filed November 7, 1928:

ESCHWEILER, J. Defendant, prior to his negotiations with the plaintiff, duly conveyed the two lots, 15 and 16, to Fred Krueger, and since then nothing appears to have been done as between Hamburg and Krueger to in any wise change the effect of such conveyance, and Krueger, after abandoning possession of lot 17 in 1920, has been in continuous possession of both lots 15 and 16. Part of lot 17 on the further side of the creek crossing it was at no time in the possession of Krueger claiming to own such part.

In 1915 defendant by written agreement promised to convey, with other property, this particular lot 17, and then executed his warranty deed also containing the identical description. These writings were made under his direction and the property specifically pointed out by defendant to the scrivener from the map that plaintiff and defendant had used at the time of the negotiations and showing Krueger's ownership of lots 16 and 15. Defendant admits that he did not intend to retain for himself any of the property north of Krueger's at the time of his negotiations with plaintiff.

The effect of the decision by the trial court is to revest title in this lot 17, lying, as it does, between Krueger's lot 16 and lot 18 concededly conveyed to plaintiff, back in defendant; it takes from plaintiff's specified description what was evidently the most valuable, if not the largest as well, of the eight several parcels. If there was a mistake in the drafting of the land contract between the parties in 1915 it was clearly, and it is so stated in defendant's own answer, the mistake of the scrivener, the bank official who drew the writings at the time and under defendant's specific direction. Defendant is in no position to assert such a mistake if mistake

there was. He intended, as shown by his own admission, to convey to plaintiff the property north of Krueger. Krueger is now asserting no claim to lot 17 and no title to property other than to lots 15 and 16 mentioned in the deed to him of 1912. If there was a mistake as to plaintiff's description there must have been one in the prior conveyance to Krueger, but the latter now submits to an undisturbed possession of the two lots described in his deed. We can find nothing in the facts or in the law controlling such situations which warrants such a result, and the result is clearly inequitable.

It follows that the prayer of the counterclaim should have been denied and the plaintiff is entitled to his appropriate relief upon his complaint.

*By the Court.*—The part of the judgment appealed from is reversed, and the cause remanded with directions to enter, judgment in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on January 23, 1929.